IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kinsale Insurance Company § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. 4:23–CV–04680 |
| § | | |
| Sanare Energy Partners LLC § | | |
|    Defendant. § | | |

### PLAINTIFF KINSALE INSURANCE COMPANY'S AMENDED COMPLAINT FOR DECLARATORY RELIEF

In compliance with the Order for Conference and Disclosure of Interested Parties (Doc. 32), Plaintiff KINSALE INSURANCE COMPANY ("Kinsale") files this Amended Complaint against SANARE ENERGY PARTNERS, LLC ("Sanare") and in support alleges:

### NATURE OF THE ACTION

1. This is an action for declaratory relief under 28 U.S.C. § 2201 to determine whether there is coverage available for injuries to an employee of SBS Energy Services, LLC ("SBS"), who drowned during the course and scope of his employment, under a liability insurance policy that excludes coverage for injuries to employees of "any" insured. Kinsale seeks a judgment declaring that it has no obligation to provide insurance coverage to Sanare under the insurance policy issued by Kinsale to SBS.

### JURISDICTION AND VENUE

2. Jurisdiction is proper because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

3. Kinsale filed this action in a district with proper venue, the Eastern District of Louisiana, because the Kinsale policy was issued and delivered to its named insured in that district and also because a substantial part of the events giving rise to the claim occurred in that

district. *See* 28 U.S.C. § 1391 (b)(2). That court subsequently entered an order transferring this case to the Southern District of Texas. (Doc. 30.)

4. All conditions precedent have occurred, have been performed, or have been waived.

## THE PARTIES

5. Kinsale is a corporation organized under the laws of the State of Arkansas with its principal place of business in the Commonwealth of Virginia. For purposes of this action, Kinsale is an approved unauthorized insurer that issued an Environmental Combined Liability Policy to SBS.

6. Sanare is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. On information and belief, all of the members of Sanare are as follows, although some of these individuals may be only in management of Sanare and may not also serve as members of Sanare: (1) Mari Chapa, a citizen of Texas, (2) Richard Coleman, a citizen of Texas, (3) David Wiley, a citizen of Canada, (4) Brian Macmillan, a citizen of Texas, (5) Keith Krenek, a citizen of Texas, and (6) Charles Rougeau, a citizen of Texas. Because all of Sanare's members are citizens of and domiciled in a state other than Arkansas or Virginia, there is complete diversity of citizenship between Kinsale and Sanare.

## THE LAWSUIT

7. On March 25, 2022, Ronnie Blanchard was employed by SBS and working on SBS's behalf as a Jones Act seaman. *See* First Amended Complaint ¶ 9, *Blanchard v. Sanare Energy Partners LLC*, No. 4:22-cv-02420 (S.D. Tex. filed Aug. 16, 2022) (Doc. 1-1.)

8. At the time of his death, Mr. Blanchard was working on equipment associated to an offshore oil well located in the Main Pass Area of the Gulf of Mexico, Block 64, owned and/or operated by Sanare. *See id.* ¶ 11.

9. While Mr. Blanchard was working, a piece of the equipment "collapsed and toppled" over into the ocean. *Id.* Mr. Blanchard "was attached to the assembly at the time it collapsed, and, as a result, was dragged and trapped below the surface of the water." *Id.*

10. Sanare is alleged to be responsible for his death because of unsafe work practices and other reasons. *Id.* ¶ 15.

11. Laci N. Blanchard, a Louisiana resident, individually and as next friend of W.B., the surviving minor child of Ronnie P. Blanchard, Jr., has filed suit against Sanare, which is pending in the United States District Court for the Southern District of Texas, Houston Division. (Doc. 1-1.)

12. Ms. Blanchard amended her complaint to add SBS as a defendant but later filed a notice of voluntary dismissal, dismissing all claims against SBS without prejudice pursuant to Federal Rule of Civil Procedure 41. *See* Plaintiffs' Notice of Voluntary Dismissal, *Blanchard*, No. 4:22-cv-02420 (S.D. Tex. filed Dec. 2, 2022). (Doc. 1-2.)

13. Kinsale is not a party to the Southern District of Texas lawsuit filed by Blanchard.

## THE KINSALE POLICY

14. SBS applied to Kinsale and purchased an Environmental Combined Liability Policy, bearing Policy Number 0100158459-0, effective from 08/01/2021 to 08/01/2022 (the "Policy"). (Doc. 1-3) (which has certain confidential information redacted). The Policy is the best evidence of its own terms, conditions, declarations, definitions, limitations, endorsements

and exclusions, and Kinsale pleads the terms, conditions, declarations, definitions, limitations, endorsements and exclusions of the Policy as if set forth here *in extenso*.

15. Sanare seeks Additional Insured coverage under the Policy.

### COUNT I – WORKERS' COMPENSATION EXCLUSION

16. Kinsale incorporates Paragraphs 1 through 15.

17. The Policy includes the following exclusion:

### EXCLUSION - WORKERS' COMPENSATION AND SIMILAR LAWS

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I- COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions,** item **d**. is deleted and replaced with the following:

This insurance does not apply to:

**d. Workers' Compensation And Similar Laws**

Any obligation of any insured owed for worker's compensation, disability benefits or unemployment compensation benefits, including but not limited to any similar obligation owed by an employer under The United States Longshoreman and Harbor Workers' Compensation Act, or any similar state or federal law enacted to provide benefits to an employee.

Ex. A, CAS3099 1110.

18. Mr. Blanchard was employed by SBS and working on SBS's behalf as a Jones Act seaman making him subject to The United States Longshoreman and/or Harbor Workers' Compensation Act.

19. Accordingly, Sanare is not entitled to coverage under the Kinsale Policy.

### COUNT II – EMPLOYERS LIABILITY EXCLUSION

20. Kinsale incorporates Paragraphs 1 through 15.

21. The policy includes the following exclusion:

### AMENDED EXCLUSION - EMPLOYERS LIABILITY

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I- COVERAGES**, **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Paragraph **2. Exclusions**, **Employer's Liability,** of this Policy is deleted and replaced with the following:

This insurance does not apply to any claim, "suit", cost or expense arising out of "bodily injury" to:

**(1)** Any employee of any insured arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Performing duties related to the conduct of any insured's business; or

**(2)** The spouse, child, parent, brother, sister or relative of that employee as a consequence of Paragraph above.

This exclusion applies whether any insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

. . . .

Wherever the word "employee" appears in this exclusion, it shall mean any member, associate, "leased worker", "temporary worker" or any person or persons loaned to or volunteering services to you.

Ex. A, EGY3001 0320.

22. SBS is the Named Insured under the policy.

23. Ronnie Blanchard was employed by SBS and working on SBS's behalf at the time of his accident. Moreover, he was performing duties related to SBS's business at the time.

24. The claims in the *Blanchard* lawsuit arise out of a bodily injury to an employee of an insured, SBS, and therefore Sanare is not entitled to coverage under the Policy.

## COUNT III – MARINE LIABILITY EXCLUSION

25. Kinsale incorporates Paragraphs 1 through 15.

26. The policy includes the following exclusion:

### EXCLUSION - MARINE LIABILITY

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury", including but not limited to any contractual liability that might be covered under any:

1. Hull, Protection & Indemnity Policy (P&I);

2. Marine Operator's Legal Liability Policy;

3. Charterer's Legal Liability Policy; or

4. Other similar marine insurance coverage on owned, operated, chartered or brokered watercraft.

This exclusion applies regardless of whether or not such insurance is collectable, has been purchased, is in force or its limits of insurance are available.

Ex. A, EGY3011 0410.

27. There is no coverage to the extent that the *Blanchard* suit is covered by a policy listed in the Marine Liability Endorsement.

28. Accordingly, Sanare is not entitled to coverage under the Policy.

## COUNT IV – ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION

29. Kinsale incorporates Paragraphs 1 through 15.

30. The Kinsale policy includes the following exclusion:

**EXCLUSION - ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**SECTION I—COVERAGES, COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, **2. Exclusions**, paragraph **g.** is deleted and replaced by the following:

> **g.**     **Aircraft, Auto or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading" and the handling and placing of persons, by an insured, into, onto or from an "auto".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.
>
> **SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS, Other Insurance,** paragraph **b. Excess Insurance**, subparagraph reading as follows, is deleted from this policy:
>
> "If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury And Property Damage Liability."

Ex. A, CAS3017 0110.

    31.     Ronnie Blanchard's death arises out of the ownership, maintenance, use or entrustment of a watercraft.

    32.     Accordingly, Sanare is not entitled to coverage under the Policy.

## COUNT V – OTHER INSURANCE

    33.     Kinsale incorporates Paragraphs 1 through 15.

    34.     The Kinsale policy includes the following provision:

  **4.**  **Other Insurance**
If other valid and collectible insurance is available to the insured for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:
  **a.**  **Primary Insurance**
This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph **c.** below.
  **b.**  **Excess Insurance**
    **(1)** This insurance is excess over:
      **(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:
        (i) That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";
        (ii) That is Fire insurance for premises rented to you or temporarily occupied by you with permission of the owner;
        (iii) That is insurance purchased by you to cover your liability as a tenant for "property damage" to premises rented to you or temporarily occupied by you with permission of the owner;
        . . . .
      **(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

Ex. A at 12.

  35. Upon information and belief, an insurance company is defending Sanare in the underlying action.

  36. To the extent Kinsale owes any coverage to Sanare, which Kinsale disputes, any coverage under the Policy is excess to other insurance that is available to Sanare.

**RELIEF REQUESTED**

Kinsale respectfully requests that after due proceedings are had, a declaratory judgment be entered in Kinsale's favor, finding that the Environmental Combined Liability Policy issued by it to SBS does not cover any losses that Sanare may incur as a result of the above described facts, that Kinsale does not owe a defense to Sanare, and that Kinsale be awarded all costs of these proceedings, and all other such relief as this Court may deem equitable, just, and proper.

Respectfully submitted,

By: */s/ Matthew C. Guy*
**Matthew C. Guy** (Attorney-in-Charge)
State Bar No. 24050702
Fed. Bar No. 622802
**Collin M. Weyand** (Of Counsel)
State Bar No. 24106763
Fed. Bar No. 3251459
**Jeffrey E. Richardson** (Of Counsel)
La. Bar No. 23273
ADAMS AND REESE LLP
1221 McKinney, Suite 4400
Houston, Texas 77010
Phone: (713) 652-5151
Fax: (713) 652-5152
Email: Matthew.Guy@arlaw.com
Email: Collin.Weyand@arlaw.com
Email: Jeff.Richardson@arlaw.com

**Attorneys for Kinsale Insurance Company**

## CERTIFICATE OF SERVICE

    The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this 3rd day of January, 2024, to the following:

    Robert R. Johnston, T.A.
    Robert.Johnston@pjgglaw.com
    Constance C. Waguespack
    Constance.Waguespack@pjgglaw.com
    Courtney E. Crowell
    Courtney.Crowell@pjgglaw.com
    Wade B. Hammett
    Wade.Hammett@pjgglaw.com
    PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
    1100 Poydras Street, Suite 2250
    New Orleans, LA 70163

    M. Matt Jett
    mjett@hallmaineslugrin.com
    Caroline E. Bossier
    cbossier@hallmaineslugrin.com
    Aaron E. Koenck
    akoenck@hallmaineslugrin.com
    HALL MAINES LUGRIN, P.C.
    2800 Post Oak Boulevard
    Houston, TX 77056-6125

                                              */s/ Matthew C. Guy*
                                              Matthew C. Guy