IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kinsale Insurance Company<br>　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:23–CV–04680 |
| Sanare Energy Partners LLC<br>　Defendant. | §<br>§<br>§ | |

**PLAINTIFF KINSALE INSURANCE COMPANY'S
AMENDED MOTION TO STRIKE SANARE'S THIRD-PARTY COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 14(a)(4), Kinsale Insurance Company ("Kinsale") moves to strike the Third-Party Complaint asserted by Defendant Sanare Energy Partners, LLC ("Sanare") (asserted as part of Doc. 49).

**I.   Summary of Argument**

Kinsale brought this declaratory judgment action so that this Court can determine, as a matter of law, whether the Environmental Combined Liability Policy issued by Kinsale to SBS Energy Services, LLC ("SBS"), Policy No. 0100158459-0 (the "Kinsale Policy") (Doc. 1-3), provides coverage to Sanare Energy Partners, LLC ("Sanare") for the claims in a lawsuit pending in federal court in Texas, *Blanchard v. Sanare Energy Partners LLC*, No. 4:22-cv-02420 (S.D. Tex. filed Aug. 16, 2022) (the "Texas Lawsuit"). Kinsale asserts that the Kinsale Policy excludes coverage.

Sanare's third-party claim against SBS, which is part of Doc. 49, seeks to bring new issues into this case that have nothing to do with the declaratory judgment action: whether SBS has a contractual duty to defend and indemnify Sanare in the Texas Lawsuit, and

1

whether SBS had and breached a contractual duty to obtain additional insured coverage for Sanare and invoice the cost of that additional coverage to Sanare. Thus, the third-party complaint has nothing to do with coverage under the Kinsale Policy. Instead, it turns upon the duties of SBS to Sanare under a completely different contract: the Master Services Agreement between Sanare and SBS to which Kinsale is not even a party. *See* Sanare/SBS MSA (Doc. 49-3). Sanare's claim against SBS should thus be struck because the claims asserted by Sanare against SBS are distinct from the primary action for a declaratory judgment regarding the coverage available under a policy of insurance. Adding parties and causes of action will delay the adjudication of the straightforward coverage dispute before the Court. Accordingly, and as further explained below, the Court should strike the third-party claim and refocus the litigation on the interpretation of the insurance policy issued by Kinsale.

## II.     Nature and Stage of the Proceeding

On April 8, 2022, Laci Blanchard filed the Texas Lawsuit against Sanare that was subsequently removed to federal court. (Doc. 49, Counterclaim, ¶ 17) (*see* Doc. 1-1, which is the First Amended Complaint). The Texas Lawsuit alleges that on March 25, 2022, Ronnie Blanchard was working offshore for SBS on the LB SWORDFISH. (Doc. 1-1, ¶¶ 9-10). The Texas Lawsuit alleges that Ronnie Blanchard was injured while working

offshore on equipment associated with an offshore worksite owned and/or operated by Sanare and, as a result, died.[1] (Doc. 1-1, ¶ 1).

Kinsale filed a Complaint for Declaratory Relief against Sanare to seek a declaration by this Court that there is no coverage to Sanare under the Environmental Combined Liability Policy issued by Kinsale to SBS for the claims in the Texas Lawsuit. (Doc. 1). In response, Sanare filed an Answer, a Counterclaim against Kinsale seeking a declaratory judgment that there is coverage to Sanare under that policy, and a third-party complaint against SBS. (Doc. 49).

On October 17, 2023, Kinsale filed a Rule 12(b)(6) Motion to Dismiss Sanare's Counterclaim (Doc. 14) and a Rule 14(a)(4) Motion to Strike Sanare's Third-Party Complaint against SBS (Doc. 13). On December 12, 2023, this case was transferred *sua sponte* from the Eastern District of Louisiana to this Court (Doc. 30). Pursuant to this Court's Order for Conference and Disclosure of Interested Parties (Doc. 32), Kinsale filed an Amended Complaint on January 3, 2024 (Doc. 39). On January 25, 2024, Sanare filed its Answer to Kinsale's Amended Complaint, Counterclaim for Declaratory Judgment and Breach of Contract, and Third-Party Complaint against SBS in this Court (Doc. 49).

As such, Kinsale amends and refiles its Rule 14(a)(4) Motion to Strike Sanare's Third-Party Complaint.

---

[1] Laci Blanchard filed another lawsuit in state court in Louisiana, this time naming Kinsale and SBS as defendants. SBS removed that lawsuit to federal court on March 1, 2024. *Laci Blanchard v. SBS Energy Services, LLC et al.*, No. 2:24-cv-00534 (E.D. La.).

### III. Statement of the Issues and Standard of Review

Whether Sanare's third-party complaint against SBS should be struck when the third-party complaint asserts claims that are distinct from the primary action for a declaratory judgment regarding the coverage available under a policy of insurance and would delay adjudication of the straightforward coverage dispute.

"If a third-party complaint meets the requirements of Rule 14, the Court has wide discretion in determining whether to allow the filing." *Kinsale Ins. Co. v. CD Mgmt. of New Orleans, Inc.*, No. CV 23-736, 2023 WL 3949121, at *7 (E.D. La. June 12, 2023) (citing *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th. Cir. 1984)).

### IV. Argument

When determining whether a third-party complaint is proper, a court must consider factors including whether the third-party complaint will eliminate duplicative suits, cause prejudice to other parties, or unduly delay or complicate the action. *R.C.N. Associates, Inc. v. SERENA CLUB M/V*, No. CV 19-14657, 2020 WL 6822536, at *4 (E.D. La. Nov. 20, 2020). Rule 14 itself states that "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. Pro. 14(a)(1). Rule 14(a) "exists to bring in third parties who are *derivatively* liable to the impleading party." *Hassan v. Louisiana Dep't of Transp. & Dev.*, 190 F.3d 538, 1999 WL 642861 at *2 (5th Cir. 1999) (emphasis in original). The fact that the complaint and the third-party complaint deal "with the same transaction or occurrence" is "insufficient" for a proper third-party complaint when the liability of the third-party defendant to the original defendant/third-party plaintiff is not "dependent upon

4

the outcome of the main claim." *Id.* (quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 752 (5th Cir. 1967).

In a case like this one, where the principal complaint seeks a declaratory judgment regarding insurance coverage, a third-party complaint like the one that Sanare filed against SBS is typically improper because "[t]he evidence required to prove [the main complaint] and the evidence required to prove [the third-party claim] are distinct." *Hanover Ins. Co. v. Superior Labor Servs., Inc.*, 316 F.R.D. 179, 185-86 (E.D. La. 2016). *See also Aaron v. Illinois Nat'l Ins. Co.*, No. CV 22-09, 2022 WL 2315802, at *4 (E.D. La. June 27, 2022) (dismissing third-party complaint brought in a declaratory judgment action regarding coverage under an insurance policy).

That is exactly the situation here. Sanare's third-party complaint is not derivative of the main complaint. Whether the Kinsale Policy provides coverage to Sanare has nothing to do with SBS's contractual duties to Sanare. Similarly, even if Sanare were successful on its third-party complaint against SBS, that would have nothing to do with Kinsale's request for a declaratory judgment regarding coverage and the duty to defend; one simply has nothing to do with the other. As one court explained when granting a similar motion to strike in a similar circumstance, "Kinsale's declaratory judgment claim—a straightforward question of law—does not turn on 'substantially the same facts' as Seabrook's third-party claims, nor do consistent results depend on the two claims being decided simultaneously." *Kinsale Ins. Co. v. CD Mgmt. of New Orleans, Inc.*, No. CV 23-736, 2023 WL 3949121, at *9 (E.D. La. June 12, 2023) (quoting *Am. Fid. & Cas. Co. v. Greyhound Corp.*, 232 F.2d 89, 92 (5th Cir. 1956)).

Thus, allowing the third-party complaint to be litigated in this same action will unnecessarily complicate this action without adding any value to the main complaint, will delay the resolution of this action, and will prejudice Kinsale as a result of that delay. Indeed, at the same time that Kinsale is filing this motion, Kinsale is filing a Rule 12(b)(6) motion against the counterclaim filed by Sanare. This Court's resolution of that Rule 12(b)(6) motion may, as a practical matter, resolve all of the coverage issues in this case. Thus, this case could soon be over if this motion to strike is granted. But if the third-party complaint is allowed to stand, then this case will take on a new life that goes far beyond the original declaratory judgment action and which requires the analysis of different evidence including a completely different contract. Under these circumstances, the third-party complaint should be stricken.

V.      **Conclusion**

SBS is not a "nonparty who is or may be liable to" Sanare "for all or part of the claim against" Sanare in the main action. Fed. R. Civ. Pro. 14(a)(1). Thus, under the plain language of the Rules of Civil Procedure, the third-party complaint is improper. Moreover, the jurisprudence interpreting Rule 14 further confirms that the third-party complaint should be stricken from this action. Granting this motion will not prejudice Sanare because can still litigate its claims against SBS either in the Texas Lawsuit or in some other proceeding, but those claims do not belong here. Thus, Kinsale Insurance Company prays that this Court grant this motion and rule that Sanare's third-party complaint filed by Sanare against SBS is stricken from this case.

                                Respectfully submitted,

By:   */s/ Matthew C. Guy*
        **Matthew C. Guy** (Attorney-in-Charge)
        State Bar No. 24050702
        Fed. Bar No. 622802
        **Collin M. Weyand** (Of Counsel)
        State Bar No. 24106763
        Fed. Bar No. 3251459
        **Jeffrey E. Richardson** (Of Counsel)
        La. Bar No. 23273
        ADAMS AND REESE LLP
        1221 McKinney, Suite 4400
        Houston, Texas 77010
        Phone: (713) 652-5151
        Fax: (713) 652-5152
        Email: Matthew.Guy@arlaw.com
        Email: Collin.Weyand@arlaw.com
        Email: Jeff.Richardson@arlaw.com

        **Attorneys for Kinsale Insurance Company**

**CERTIFICATE OF SERVICE**

    The undersigned Counsel hereby certifies that the foregoing has been served via ECF and/or email on this 8th day of March, 2024, to the following:

>Robert R. Johnston, T.A.
>Robert.Johnston@pjgglaw.com
>Constance C. Waguespack
>Constance.Waguespack@pjgglaw.com
>Courtney E. Crowell
>Courtney.Crowell@pjgglaw.com
>Wade B. Hammett
>Wade.Hammett@pjgglaw.com
>PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC
>1100 Poydras Street, Suite 2250
>New Orleans, LA 70163
>
>M. Matt Jett
>mjett@hallmaineslugrin.com
>Caroline E. Bossier
>cbossier@hallmaineslugrin.com
>Aaron E. Koenck
>akoenck@hallmaineslugrin.com
>HALL MAINES LUGRIN, P.C.
>2800 Post Oak Boulevard
>Houston, TX 77056-6125

                                         */s/ Matthew C. Guy*
                                         *Matthew C. Guy*

**Certificate of Conference**

    I certify that, on March 4, 2024, I conferred with counsel for Sanare via email concerning the relief to be requested by Kinsale. We were unable to reach agreement on the relief to be requested.

                                         */s/ Collin M. Weyand*
                                         Collin M. Weyand