# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **KINSALE INSURANCE COMPANY,** | * | **CIVIL ACTION NO. 4:23-CV-04680** |
| | * | |
| **Plaintiff,** | * | **DISTRICT JUDGE:** |
| | * | **HON. GEORGE C. HANKS, JR.** |
| **v.** | * | |
| | * | **MAGISTRATE JUDGE:** |
| **SANARE ENERGY PARTNERS, LLC,** | * | **HON. ANDREW M. EDISON** |
| | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

    The parties, through their counsel, met by Microsoft Teams on April 15, 2024. Matthew Guy attended for the Plaintiff. Robert Johnston attended for Defendant Sanare Energy Partners, LLC.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

    *Laci N. Blanchard v. Sanare Energy Partners, LLC*, No. 4:22-cv-2420 (S.D. Tex.) (the "Texas Lawsuit") – underlying suit for which the parties seek a determination regarding Kinsale's defense obligations to Sanare.

3. <u>Briefly</u> describe what this case is about.

    In the Texas Lawsuit, Laci Blanchard sued Sanare alleging that Ronnie Blanchard died while working offshore on equipment associated with an offshore worksite owned and/or operated by Sanare. Kinsale filed suit against Sanare seeking a declaration that there is no coverage to Sanare for Blanchard's claims asserted in the Texas Lawsuit under the Environmental Combined Liability Policy issued by Kinsale to SBS Energy Services, LLC ("SBS"). Sanare counterclaimed alleging coverage and filed a third-party complaint against SBS. Kinsale seeks the dismissal of Sanare's counterclaims under two exclusions. Kinsale

1

also seeks to strike Sanare's third-party complaint against SBS. Sanare has filed an opposition memoranda regarding both motions showing that the policy exclusions claimed by Kinsale do not apply to insured contracts, and that SBS must be joined to the litigation.

4.  Identify any issues as to service of process, personal jurisdiction, or venue.

    None.

5.  Federal jurisdiction.

    a.  Specify the allegation of federal jurisdiction.

    Diversity of citizenship. 28 U.S.C. § 1332(a).

    b.  Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

    None.

    c.  If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020).

    Kinsale is a corporation organized under the laws of the State of Arkansas with its principal place of business in Virginia.

    Sanare Energy Partners, LLC has one member—Stockbridge Natural Resources, LLC, which has David Wiley as its sole member. Wiley has dual citizenship between Canada and Florida.

6.  List anticipated additional parties that should be included, and by whom they are wanted.

    The court has already denied a motion to intervene filed by Blanchard, ruling that her "efforts to inject complicated tort claims into this straightforward declaratory action centered on insurance coverage do not satisfy Rule 24's requirements." (Doc. 27.)

    Sanare believes that SBS should be added to this lawsuit and filed a third-party demand against SBS. (Doc 49.) Kinsale filed a motion to strike the third-party demand, citing many of the same reasons that the court denied Blanchard's motion

to intervene. (Doc. 55.) Sanare has opposed Kinsale's motion.  The parties await a decision on that motion to strike.

7. List anticipated interventions.

    As noted above, the court has already denied a motion to intervene filed by Blanchard. (Doc. 27.) No other interventions are anticipated.

8. Describe class-action or collective-action issues.

    None.

9. State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

    Initial disclosures have not been made yet and are not appropriate in this action at this time. The ruling on Kinsale's pending motion to dismiss the counterclaim (Doc. 56) would, if granted, resolve many of the issues in this lawsuit. We should wait until the court decides that pending motion before determining whether Rule 26(a) disclosures will be appropriate in this case and, if so, when they should be made.

10. If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

    The parties agree to submit any fees issues to the court for resolution on affidavits and/or declarations.

11. Describe the proposed discovery plan, including:

    a. Responses to the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic and other discovery.

    Premature to decide at this time, for the reasons set forth above in response to No. 9.

    b. Any threshold issues−such as limitations, jurisdiction, or immunity−that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

    Premature to decide at this time, for the reasons set forth above in response to No. 9.

3

12. Experts

   a. Are experts needed on issues other than attorneys' fees?

   Premature to decide at this time, for the reasons set forth above in response to No. 9.

   b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

   N/A

   c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

   Premature to decide at this time, for the reasons set forth above in response to Question No. 9.

   d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

   Premature to decide at this time, for the reasons set forth above in response to Question No. 9.

13. State the date discovery can reasonably be completed.

   Premature to decide at this time, for the reasons set forth above in response to Question No. 9.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

   N/A.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

   None.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

   At this time, the parties believe this case could possibly be decided on dispositive motions, and thus the likelihood of prompt settlement or resolution is low.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

    Mediation. They are not likely to be effective at this time.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

    The parties could not agree to trial before a magistrate judge.

19. State whether a jury demand has been made and if it was made on time.

    No jury demand was made.

20. Specify the number of hours it will likely take to present the evidence.

    If the pending motion is not granted, the parties agree it would likely take 15-20 hours to present the evidence at trial.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

    None.

22. List other pending motions.

    Kinsale's Amended Motion to Strike Sanare's Third-Party Complaint (Doc. 55).
    Kinsale's Amended Rule 12(b)(6) Motion to Dismiss Counterclaim (Doc. 56).
    *Ex Parte* Motion to Withdraw Counsel of Record (Doc. 64).

23. List issues or matters, including discovery, that should be addressed at the conference.

    None.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

  Kinsale certifies that it filed its Certificate of Interested Parties on December 28, 2023 (Doc. 36).

  Sanare certifies that it filed its Corporate Disclosure Statement on January 2, 2024 (Doc. 38).


*/s/ Matthew C. Guy*
Counsel for Plaintiff Kinsale
Insurance Company
          Date: April 16, 2024


*/s/ Robert Johnston*
Counsel for Defendant Sanare
Energy Partners LLC
          Date: April 16, 2024