IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KINSALE INSURANCE COMPANY | * | CIVIL ACTION NO. 4:23-cv-04680 |
| | * | |
| v. | * | DISTRICT JUDGE: |
| | * | HON. GEORGE C. HANKS, JR. |
| SANARE ENERGY PARTNERS, LLC | * | |
| | * | MAGISTRTE JUDGE: |
| | * | HON. ANDREW M. EDISON |

**ANSWER OF SBS ENERGY SERVICES, LLC TO THIRD-PARTY COMPLAINT OF
SANARE ENERGY PARTNERS, LLC AND CROSSCLAIM OF SBS ENERGY
SERVICES, LLC AGAINST KINSALE INSURANCE COMPANY**

NOW INTO COURT, comes SBS Energy Services, LLC ("SBS"), and answers the

Third-Party Complaint of Sanare Energy Partners, LLC ("Sanare") (Rec. Doc. 49), and

Crossclaims against Plaintiff and Cross-Defendant, Kinsale Insurance Company ("Kinsale") for

declaratory judgment and monetary damages.

**ANSWER TO THIRD-PARTY COMPLAINT**

SBS answers the individual allegations of the Third-Party Complaint of Sanare as follows:

1.

SBS admits that it is a Louisiana limited liability company with its principal place of

business in Louisiana.

2.

SBS admits that this Court has jurisdiction for the Third-Party Complaint of Sanare under

Rule 14 of the Federal Rules of Civil Procedure, under 28 U.S.C. §1332 for diversity of citizenship,

supplemental jurisdiction under 28 U.S.C. §1367, and either the dependent or ancillary jurisdiction

of the United States District Court to entertain incidental demands and third-party complaints.

1

SBS denies that this Court has jurisdiction pursuant to 28 U.S.C. §1333 on the basis that this action involves questions that arise out of a contract that is maritime in nature.

3.

SBS admits that this Court has specific personal jurisdiction over SBS with respect to the Third-Party Complaint of Sanare.

4.

SBS admits that venue for the Third-Party Complaint of Sanare is proper in this district.

5.

Paragraph 5 of the Third-Party Complaint is improper because it references other allegations.  To the extent that SBS is required to answer, SBS denies the allegations of paragraph 5 for lack of knowledge sufficient to justify a belief therein.

6.

SBS admits that paragraph 6 of the Third-Party Complaint accurately quotes a portion of the Sanare/SBS Master Service Agreement.  SBS further pleads that the full Master Service Agreement is the best evidence of its terms and conditions.

7.

SBS denies the allegations of paragraph 7 of the Third-Party Complaint.

8.

SBS admits that paragraph 8 of the Third-Party Complaint accurately quotes a portion of the Sanare/SBS Master Service Agreement.  SBS further pleads that the full Master Service Agreement is the best evidence of its terms and conditions.

9.

SBS admits that Ronnie Blanchard was an employee of SBS.  SBS denies the remaining allegations of paragraph 9 of the Third-Party Complaint for lack of knowledge sufficient to justify a belief therein.

10.

SBS admits that paragraph 10 of the Third-Party Complaint accurately quotes a portion of the Sanare/SBS Master Service Agreement.  SBS further pleads that the full Master Service Agreement is the best evidence of its terms and conditions.

11.

SBS denies the allegations of paragraph 11 of the Third-Party Complaint for lack of knowledge sufficient to justify a belief therein.

12.

SBS denies the allegations of paragraph 12 of the Third-Party Complaint.

13.

SBS denies the allegations of paragraph 13 of the Third-Party Complaint.

14.

SBS denies the allegations of paragraph 14 of the Third-Party Complaint for lack of knowledge sufficient to justify a belief therein.

15.

SBS denies the allegations of paragraph 15 of the Third-Party Complaint.

16.

SBS denies the allegations of paragraph 16 of the Third-Party Complaint.

17.

SBS denies the allegations of paragraph 17 of the Third-Party Complaint.

18.

SBS denies the allegations of paragraph 18 of the Third-Party Complaint.

19.

SBS denies the allegations of paragraph 19 of the Third-Party Complaint.

20.

SBS denies the allegations of paragraph 20 of the Third-Party Complaint.

21.

SBS denies the allegations of paragraph 21 of the Third-Party Complaint for lack of knowledge sufficient to justify a belief therein.

22.

SBS denies the allegations of paragraph 22 of the Third-Party Complaint.  Section 3.1 of the Master Service Agreement states that SBS will arrange a *Marcel* invoice at the request of Sanare.  Sanare did not request a *Marcel* invoice until after Mr. Blanchard drowned.

23.

SBS denies the allegations of paragraph 23 of the Third-Party Complaint.

24.

SBS denies the allegations of paragraph 24 of the Third-Party Complaint.

## AFFIRMATIVE DEFENSES

SBS Energy Services, LLC affirmatively pleads the following defenses:

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

The terms and conditions of the Sanare/SBS Master Service Agreement are unclear and ambiguous and do not provide a basis for Sanare to recover indemnity for any liability it may have herein or its related costs and fees.

**THIRD AFFIRMATIVE DEFENSE**

Any obligation of SBS in the Master Service Agreement to provide Sanare or All Coast, LLC ("All Coast") indemnity, defense or additional insured coverage for the claims herein is void and unenforceable pursuant to the oilfield anti-indemnity statutes of the State of Texas or/or the State of Louisiana.

**CROSSCLAIM OF SBS ENERGY SERVICES, LLC AGAINST KINSALE INSURANCE COMPANY**

SBS Energy Services, LLC ("SBS") crossclaims against Plaintiff and Cross-Defendant, Kinsale Insurance Company ("Kinsale") as follows:

1.

Cross-Claimant, SBS, is a Louisiana limited liability company with its principal place of business in Louisiana.

2.

Plaintiff and Cross-Defendant, Kinsale, is a foreign insurer incorporated under the laws of Arkansas with its principal place of business in Virginia.

3.

This Court has jurisdiction of this Crossclaim under Rule 13 of the Federal Rules of Civil Procedure, 28 U.S.C. §1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, supplemental jurisdiction under 28 U.S.C. §1367, and either the dependent or ancillary jurisdiction of the United States District Courts to entertain incidental demands.

4.

This Crossclaim also is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq*. and Federal Rule of Civil Procedure 57.

5.

Sanare and SBS executed the Master Service Agreement dated March 16, 2022, attached to the Answer, Counterclaim and Third-Party Complaint of Sanare as Exhibit C.  (Rec. Doc. 49-3).

6.

Sanare owns and operates Well No. 19, a single caisson well located in Main Pass Field 64 of the Gulf of Mexico, Lease No. OCS-G 4909, and permanently affixed to the Outer Continental Shelf off the coast of Louisiana (hereinafter sometimes referred to as "the Platform").

7.

Sanare contracted with SBS to provide well intervention and completion services on the Platform, including insulation of a hydraulic workover unit ("HWOU").  The HWOU was placed on the Platform to conduct well operations, including tubing replacement.

8.

Kinsale issued an Environmental Combined Liability Policy to SBS, No. 070015849-0, effective 08/01/2021 to 08/01/022 (the "Policy"). (Rec. Doc. 1-3)

9.

It is alleged that Ronnie Blanchard, an employee of SBS, was drowned in an incident that occurred on March 25, 2022, in which the HWOU became detached from the Platform and fell into the Gulf of Mexico.

10.

On or about April 8, 2022, Laci Blanchard (hereinafter "Mrs. Blanchard"), filed suit against Sanare in Harris County, Texas state court, Civil Action No. 202232986, asserting claims for

wrongful death and survivorship on behalf of her minor child, W.B.  Sanare subsequently removed the Harris County proceeding to the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 22-cv-2420.

11.

Sanare demanded that SBS defend and indemnify Sanare and All Coast, LLC ("All Coast"), a lift boat company, from all claims of Mrs. Blanchard pursuant to the terms of the Sanare/SBS Master Service Agreement.

12.

The Sanare/SBS Master Service Agreement is an "insured contract" under the Policy issued by Kinsale to SBS, and SBS demanded that Kinsale defend it from the demands of Sanare for contractual defense and indemnity.

13.

Kinsale issued the Acknowledgment of Claim and Reservation of Rights dated May 2, 2022, and attached hereto as Exhibit A (hereinafter "Kinsale's Reservation of Rights").

14.

After receipt of Kinsale's Reservation of Rights, SBS made further supplemental demands that Kinsale defend it from the claims of Sanare for contractual defense and indemnity, and, to date, Kinsale has not accepted those demands or agreed to provide either defense or indemnity.

15.

Kinsale is obligated to defend and indemnify SBS from the demands of Sanare because Section I, Coverage A, paragraph 1. the Policy provides:

    **a.** [Kinsale] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. …

7

16.

Contrary to Kinsale's Reservation of Rights, its obligation to defend and indemnify SBS from the demands of Sanare is not excluded by the contractual liability exclusion of the Policy because Sanare's claim for contractual indemnity and defense falls within the exception for "insured contracts."

**2. Exclusions**

This Insurance does not apply to …

**b.   Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)**  …; or

**(2)**  Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an "insured" are deemed to be damages because of "bodily injury" or "property damage," provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorneys' fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged …

And SECTION V – DEFINITIONS

9. "Insured Contract" means:

f.   That part of any other contract or agreement pertaining to your business …  under which you assume the tort liability

8

of another party to pay for "bodily injury" or "property damage" to a third person or organization. …

17.

Contrary to Kinsale's Reservation of Rights, Kinsale's obligation to defend and indemnify SBS from the claims of Sanare is not excluded by the employee exclusion because the Policy provides that the employee exclusion does not extend to "insured contracts."

> **SECTION 1 – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, Paragraph **2. Exclusions, Employer's Liability**, of this Policy is deleted and replaced with the following:
>
> This insurance does not apply to any claim, suit," cost or expense arising out of "bodily injury" to:
>
> **(1)** Any employee of any insured arising out of and in the course of:
>
> >   (a) Employment by any insured; or
> >
> >   (b) Performing duties related to the conduct of any insured's business; or
>
> **(2)** The spouse child, parent, brother, sister or relative of that employee as a consequence of Paragraph above.
>
> This exclusion applies whether any insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract."

18.

Contrary to Kinsale' Reservation of Rights, the exclusion in the Policy for liability under worker's compensation and similar laws does not apply because the claim of Mrs. Blanchard is not a claim under a worker's compensation or similar law.

9

19.

Contrary to Kinsale's Reservation of Rights, the exclusion for injuries due to occupational diseases do not apply because the claim of Mrs. Blanchard is not for an occupational disease.

20.

Contrary to Kinsale's Reservation of Rights, the exclusion in the Policy for claims that would be covered under certain forms of maritime coverages (the Marine Liability Exclusion) does not apply because the Marine Liability Exclusion only refers to ambiguous types of policies and fails to name any specific policy form that would state what specific coverage is excluded and because the policy forms listed in the Marine Liability Exclusion are appropriate only for vessel owners, marine operators, charterers and brokers, and SBS was none of these:

## EXCLUSION – MARINE LIABILITY

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The Following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury", including but not limited to any contractual liability that might be covered under any:

1. Hull, Protection & Indemnity Policy (P&I);

2. Marine Operator's Legal Liability Policy;

3. Charterer's legal Liability Policy; or

4. Other similar marine insurance coverage on owned, operated, chartered or brokered watercraft.

This exclusion applies regardless of whether or not such insurance is collectable, has been purchased, is in force or its limits of insurance are available.

10

21.

Contrary to Kinsale's Reservation of Rights, the Policy covers the costs and fees of SBS defending the demand and third-party complaint of Sanare because there is coverage under the Policy for the claim and third-party complaint of Sanare against SBS for contractual defense and indemnity.

22.

Considering the demand of SBS to Kinsale to accept insurance coverage of Sanare's third-party complaint against SBS for contractual defense and indemnity and Kinsale's failure to agree to the demand of SBS that Kinsale acknowledge and accept insurance coverage of Sanare's third-party complaint against SBS, there exists a case and controversy between SBS and Kinsale regarding the insurance coverage provided by the Policy sufficient to meet the requirements of the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57.

23.

Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57, SBS is entitled to a declaratory judgment holding that Kinsale insures SBS from the demands of Sanare for contractual defense and indemnity and to all costs and fees incurred by SBS in defending itself from these allegations, including the Third-Party Complaint herein of Sanare against SBS. (Rec. Doc. 49)

24.

In addition, SBS is entitled to recover from Kinsale indemnity for all liability that may be assessed against SBS to Sanare and/or All Coast for contractual defense and/or indemnity and for all costs and fees of SBS defending these allegations, the amount of which will be determined at the conclusion of these proceedings.

11

WHEREFORE, SBS Energy Services, LLC, prays (1) that the Third-Party Complaint of Sanare Energy Partners, LLC against it be dismissed with prejudice, (2) that Kinsale Insurance Company be required to appear and answer this Crossclaim, (3) for declaratory judgment that, pursuant to the Policy, SBS Energy Services, LLC is entitled to defense and indemnity from Kinsale Insurance Company for all claims asserted by Sanare Energy Partners, LLC in the Third-Party Complaint against SBS Energy Services, LLC, including all contractual claims for defense and indemnity, (4) that SBS Energy Services, LLC may recover from Kinsale Insurance Company indemnity for all liability and costs that may be assessed against SBS Energy Services, LLC pursuant to the Third-Party Complaint of Sanare Energy Partners, LLC, and (5) that SBS may recover all interest and all of its costs and attorneys' fees in these proceedings.

Respectfully submitted,

**JONES WALKER LLP**

/s/ R. Scott Jenkins

R. SCOTT JENKINS, *attorney-in-charge*
LA Bar No. 23144
SDTX No. 3610494
sjenkins@joneswalker.com
EDWARD F. LEBRETON
TX Bar No. 00789066
SDTX No. 23016
elebreton@joneswalker.com
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone:     (504) 582-8000
Facsimile:     (504) 582-8583

AND

HANNAH A. MAYFIELD
TX Bar No. 24115036
SDTX No. 3608924
hmayfield@joneswalker.com
Jones Walker LLP
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone:      (713) 437-1800
Facsimile:      (713) 437-1810

***Counsel for Defendant***
***SBS Energy Services, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June 2024, the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record.

*/s/ R. Scott Jenkins*
R. SCOTT JENKINS