

**Attorneys at Law**
Alabama
Colorado
Florida
Georgia
**Louisiana**
Mississippi
North Carolina
South Carolina
Tennessee
Texas
Washington, DC

**Matthew Guy**
Direct:  504.585.0183
E-Fax:  504.586.6569
matthew.guy@arlaw.com

June 28, 2024

Hon. George C. Hanks, Jr.
United States District Judge
United States Courthouse
515 Rusk Street, Room 6202
Houston, Texas 77002

*Via eFile*

Re:   Kinsale's Request for Pre-Motion Conference on Motion to Dismiss Under Rule 12(b)(6) | *Kinsale Insurance Company v. Sanare Energy Partners, LLC*, No. 4:23-cv-04680

Dear Judge Hanks,

Per section 6 of the Court's *Procedures*, Plaintiff Kinsale Insurance Company requests a pre-motion conference on its Rule 12(b)(6) Motion to Dismiss the Crossclaim asserted by Third-Party Defendant/Plaintiff-in-Crossclaim SBS Energy Services, LLC ("SBS") (**part of Doc. 69**).

This is an action for declaratory relief under 28 U.S.C. § 2201 to determine whether there is coverage available for injuries to an SBS employee who drowned during the course and scope of his employment under a liability insurance policy. Kinsale seeks a judgment declaring that it has no obligation to provide insurance coverage to SBS under the insurance policy issued by Kinsale to SBS.

To provide a brief procedural history, on April 8, 2022, Laci Blanchard filed a lawsuit against Sanare Energy Partners LLC that was subsequently removed to federal court. The case is Blanchard v. Sanare Energy Partners LLC, No. 4:22-cv-2420 (S.D. Tex.) (the "Blanchard Lawsuit"). The Blanchard Lawsuit alleges that on March 25, 2022, Ronnie Blanchard was working offshore for SBS on the LB SWORDFISH. The Blanchard Lawsuit

alleges that Ronnie Blanchard was injured while working offshore on equipment associated with an offshore worksite owned and/or operated by Sanare and, as a result, died.

This lawsuit began when Kinsale filed a Complaint for Declaratory Relief against Sanare to seek a declaration by this Court that there is no coverage to Sanare under the Environmental Combined Liability Policy issued by Kinsale to SBS for the claims in the Blanchard Lawsuit. (**Doc. 1**). In response, Sanare filed an Answer, a Counterclaim against Kinsale seeking a declaratory judgment that there is coverage to Sanare under that policy, and a third-party complaint against SBS. (**Doc. 7**).

On October 17, 2023, Kinsale filed a Rule 12(b)(6) Motion to Dismiss Sanare's Counterclaim (**Doc. 14**) and a Rule 14(a)(4) Motion to Strike Sanare's Third-Party Complaint against SBS (**Doc. 13**). On December 12, 2023, this case was transferred *sua sponte* from the Eastern District of Louisiana to this Court (**Doc. 30**). Pursuant to this Court's Order for Conference and Disclosure of Interested Parties (**Doc. 32**), Kinsale filed an Amended Complaint on January 3, 2024 (**Doc. 39**). On January 25, 2024, Sanare filed its Answer to Kinsale's Amended Complaint, Counterclaim for Declaratory Judgment and Breach of Contract, and Third-Party Complaint against SBS in this Court (**Doc. 49**).

To return this case to the procedural state that it was in before the transfer, Kinsale once again filed a Rule 12(b)(6) Motion to Dismiss Sanare's Counterclaim (**Doc. 56**) and a motion to strike the third-party complaint against SBS (**Doc. 55**). Both motions were substantially similar to the motions that were fully briefed and awaiting decision before transfer except that, on the motion to dismiss, Kinsale's original motion asserted three arguments, but the amended motion was limited to two of those three arguments (the Marine Liability Exclusion and the Watercraft Exclusion) because if one of those two exclusions apply, it is not necessary to decide if the third exclusion (an Employers Liability Exclusion) also applies.

SBS filed an Answer to the Third-Party Demand and, in the same document, filed its first Crossclaim against Kinsale. (**Doc. 69**.) The arguments for insurance coverage made in the Crossclaim are virtually identical to the arguments for insurance coverage made in the Counterclaim. Thus, Kinsale files this motion to dismiss the Crossclaim for the same reasons that are already fully briefed to this Court as to the Counterclaim, and requests a pre-motion conference on the motion.

        Sincerely,
        */s/ Matthew C. Guy*
        Matthew C. Guy

## Certificate of Conference

I certify that, on June 28, 2024, I conferred with counsel for SBS via email concerning the relief to be requested by Kinsale. We were unable to reach agreement on the relief to be requested.

*/s/ Collin M. Weyand*
Collin M. Weyand

## Certificate of Service

I certify that, on June 28, 2024, I caused the foregoing document to be served on counsel for all represented parties via the Court's CM/ECF system.

*/s/ Collin M. Weyand*
Collin M. Weyand