### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Kinsale Insurance Company<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:23–CV–04680 |
| Sanare Energy Partners LLC<br>    Defendant. | §<br>§<br>§ | |

### **CONSENT PROTECTIVE ORDER**

**PURSUANT TO THE STIPULATION** between all parties to this action and the joint motion to enter into this Consent Protective Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this Protective Order be rendered pursuant to the provisions of Fed. R. Civ. Pro. 26(c), as follows:

1.  The term "Parties" refers to Kinsale Insurance Company ("Kinsale"), Sanare Energy Partners, LLC ("Sanare"), and SBS Energy Services, LLC ("SBS").

2.  This Protective Order shall be binding on all Parties, and their predecessors, successors, subsidiaries, affiliates, parents, officers, directors, managers, agents, attorneys, and employees.

3.  "Non-Disclosable Material," as used in this Protective Order, shall mean any of the Parties' confidential business records and documents, trade secrets, and other confidential information, including specifically the contents of Kinsale's underwriting file, that are labelled as "Confidential" in accordance with this Protective Order.

4. Under this Protective Order, Non-Disclosable Material shall be labeled "**CONFIDENTIAL**."

5. Non-Disclosable Material designated by the Parties as "**CONFIDENTIAL**" shall only be used for the purpose of this litigation and may be disclosed only to:

   a. the Court and relevant Court personnel;

   b. the other Parties to this Protective Order;

   c. designated employees of the Parties to this litigation who reasonably need access to such materials for the prosecution or defense of this litigation;

   d. the Parties' in-house and outside counsel (including counsel's partners, associates, and employees);

   e. witnesses or deponents, and their counsel, during the course of or, to the extent necessary, in the course of discovery, preparations for depositions or testimony in the litigation, but only if the witness or deponent has read this Protective Order and has agreed in writing to abide by its terms; and

   f. independent experts, including their staff, retained by the other Party and having no permanent employment or permanent consulting relationship with that other Party, but only if the independent expert or his staff has read this Protective Order and has agreed in writing to abide by its terms.

6. In no event shall any of the materials designated as Non-Disclosable Material (*i.e.,* "**CONFIDENTIAL**") by the Parties be disclosed to or used by anyone outside this litigation. Under no circumstances, shall any of the materials designated as

Non-Disclosable Material be used for a competitive purpose, advertising, or other public dissemination, either during the pendency of this litigation or after this litigation has been concluded.

7. The designation of discovery material as "**CONFIDENTIAL**" for the purposes of this Protective Order shall be made by written notice, sent to opposing counsel upon disclosure of production.

8. At the request of any Party, any person who is not authorized to receive Non-Disclosable Material, or information derived therefrom, may be excluded from any deposition, hearing, or trial during the period only in which "confidential information" is presented or discussed.

9. Every person given access, pursuant to this Protective Order, to Non-Disclosable Material, or information derived therefrom, shall be advised that the material or information is being disclosed pursuant to and subject to the terms of the Protective Order and may not be disclosed other than pursuant to the terms thereof. All persons who are given access pursuant to this Protective Order to Non-Disclosable Material or information derived therefrom shall be bound by the terms hereof.

10. If any document, information, or transcript of testimony designated under this Order as Non-Disclosable Material or **CONFIDENTIAL** is to be included in any pleading, motion, non-trial exhibit, or other paper to be filed with the Court, the Party seeking to do so shall follow the procedures under the applicable law by seeking to file the matter under seal. Any disclosure at trial of documents, information, or testimony designated under this Order as Non-Disclosable Material or **CONFIDENTIAL** will be

governed by a separate Court Order. The Parties are instructed to meet and confer and submit a recommended order outlining these procedures no later than the time required to submit the Pretrial Order.

11. Producing or receiving Non-Disclosable Material, or entering into, or agreeing to, or otherwise complying with the terms of this Protective Order, shall not:

    a. Preclude any Party from seeking additional protection for discovery materials than accorded herein;

    b. Prejudice in any way the rights of a producing Party to object to the production of documents they consider not subject to discovery;

    c. Prevent the Parties to this Protective Order from agreeing to alter or waive the provisions of protection provided herein with respect to any particular discovery material; or

    d. Prevent a Party from objecting to designation of information as Confidential or seeking a court order modifying the designation.

12. This Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Non-Disclosable Material for any purpose.

13. If a document or other material is inadvertently produced without any designation of confidentiality, a Party may nevertheless thereafter assert the confidentiality of the documents or material and the Parties shall thereafter treat the documents or material as Non-Disclosable Material, consistent with the Party's designation.

14. Within sixty days of the production of any document designated as Non-Disclosable Material, any Party objecting to the designation of any discovery material or testimony as Non-Disclosable Material, may, after making an effort to resolve any such objection, move on reasonable notice for an order vacating the designation. Within sixty days of the production of any document designated as Non-Disclosable Material, any Party may also present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. While all such applications are pending, the discovery material or testimony in question shall be treated as Non-Disclosable Material pursuant to this Protective Order. If no motion is filed within sixty days, the challenge to the objection of confidentiality is waived.

15. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties to this litigation and non-parties without involving the Court unnecessarily in the process. Nothing in this Order nor the reproduction of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any Party or the absence thereof.

16. The Parties agree to return to the attorney(s) for the Party that designated said materials and documents as "**CONFIDENTIAL**", shred (if printed), or delete (if electronic), and confirm same in writing, all materials and documents produced as part of

5

the Confidential Production within thirty days of the conclusion of the action whether by dismissal, final judgment, or settlement.

17.   After termination of this case, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the Parties, their attorneys and all recipients of Confidential Material for enforcement of the provisions of this Order following termination of this case.

SIGNED on _____, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

Agreed in substance and form:

| */s/ Collin M. Weyand* | */s/ Constance C. Waguespack* |
|---|---|
| Matthew C. Guy (Attorney-in-Charge) | Robert R. Johnson, T.A. (#22442) |
| State Bar No. 24050702 | Constance C. Waguespack (#34616) |
| Fed. Bar No. 622802 | Courtney E. Crowell (#38708) |
| Collin M. Weyand (Of Counsel) | Andrew J. Wondolowski (#40998) |
| State Bar No. 24106763 | Wade B. Hammett (#31186) |
| Fed. Bar No. 3251459 | PUSATERI, JOHNSTON, GUILLOT & |
| Jeffrey E. Richardson (Of Counsel) | GREENBAUM, LLC |
| La. Bar No. 23273 | 1100 Poydras Street, Suite 2250 |
| ADAMS AND REESE LLP | New Orleans, LA 70163 |
| 1221 McKinney, Suite 4400 | Robert.Johnston@pjgglaw.com |
| Houston, Texas 77010 | Constance.Waguespack@pjgglaw.com |
| Phone: (713) 652-5151 | Courtney.Crowell@pjgglaw.com |
| Fax: (713) 652-5152 | Andrew.Wondolowski@pjgglaw.com |
| Email:  Matthew.Guy@arlaw.com | Wade.Hammett@pjgglaw.com |
| Email: Collin.Weyand@arlaw.com | *Counsel for Sanare Energy Partners, LLC* |
| Email: Jeff.Richardson@arlaw.com | |
| *Attorneys for Kinsale Insurance Company* | |

6

*/s/ R. Scott Jenkins*
R. SCOTT JENKINS, attorney-in-charge
LA Bar No. 23144
SDTX No. 3610494
sjenkins@joneswalker.com
EDWARD F. LEBRETON
TX Bar No. 00789066
SDTX No. 23016
elebreton@joneswalker.com
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8583
*Attorneys for SBS Energy Services, LLC*