UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KINSALE INSURANCE COMPANY** | **CIVIL ACTION NO: 4:23-cv-04680** |
| **VERSUS** | **DISTRICT JUDGE:** <br> **HON. GEORGE C. HANKS, JR.** |
| **SANARE ENERGY PARTNERS, LLC** | **MAGISTRATE JUDGE:** <br> **HON. ANDREW M. EDISON** |

### SANARE ENERGY PARTNERS, LLC'S ANSWER TO KINSALE'S SECOND AMENDED COMPLAINT FOR DECLARATORY RELIEF

**NOW INTO COURT**, through undersigned counsel, comes Defendant, Sanare Energy Partners, LLC ("Sanare"), and hereby responds to the Second Amended Complaint for Declaratory Relief of Kinsale Insurance Company ("Kinsale") (Rec. Doc. 98), and respectfully alleges and shows:

1.

The allegations contained in Paragraph 1 of the Second Amended Complaint for Declaratory Relief contains statements of fact and/or conclusions of law that do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied.

2.

The allegations contained in Paragraph 2 of the Second Amended Complaint for Declaratory Relief contain conclusions of law and requires no response from Sanare. To the extent a response is deemed necessary, all allegations are denied.

3.

The allegations contained in Paragraph 3 of the Second Amended Complaint for Declaratory Relief contain conclusions of law and require no response from Sanare. To the extent

1

a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of the Second Amended Complaint for Declaratory Relief contain conclusions of law and require no response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of the Second Amended Complaint for Declaratory Relief are admitted.

7.

The allegations contained in Paragraph 7 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

10.

The allegations contained in Paragraph 10 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

11.

The allegations contained in Paragraph 11 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of the Second Amended Complaint for Declaratory Relief do not require a response from Sanare. To the extent a response is deemed necessary, all allegations are denied for lack of sufficient information to justify a belief therein.

14.

The allegations contained in Paragraph 14 of the Second Amended Complaint for Declaratory Relief are admitted. Sanare is an Additional Insured under the subject insurance policy

and as such, is entitled to additional insured coverage from Kinsale for and against the claims of Laci Blanchard.

15.

In response to the allegations contained in Paragraph 15 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

16.

The allegations contained in Paragraph 16 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

17.

The allegations contained in Paragraph 17 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein.

18.

The allegations contained in Paragraph 18 of the Second Amended Complaint for Declaratory Relief are denied.

19.

In response to the allegations contained in Paragraph 19 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

20.

The allegations contained in Paragraph 20 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare

further avers that the applicable insurance policy is the best evidence of its terms

21.

The allegations contained in Paragraph 21 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

22.

The allegations contained in Paragraph 22 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein.

23.

The allegations contained in Paragraph 23 of the Second Amended Complaint for Declaratory Relief are denied. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

24.

In response to the allegations contained in Paragraph 24 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

25.

The allegations contained in Paragraph 25 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

26.

The allegations contained in Paragraph 26 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein.

27.

The allegations contained in Paragraph 27 of the Second Amended Complaint for Declaratory Relief are denied. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

28.

In response to the allegations contained in Paragraph 28 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

29.

The allegations contained in Paragraph 29 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

30.

The allegations contained in Paragraph 30 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein.

31.

The allegations contained in Paragraph 31 of the Second Amended Complaint for Declaratory Relief are denied. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

32.

In response to the allegations contained in Paragraph 32 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

33.

The allegations contained in Paragraph 33 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

34.

The allegations contained in Paragraph 34 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient to justify a belief therein.

35.

The allegations contained in Paragraph 35 of the Second Amended Complaint for Declaratory Relief are denied. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

36.

In response to the allegations contained in Paragraph 36 of the Second Amended Complaint for Declaratory Relief, Sanare incorporates its answers, denials, and averments set forth above concerning Paragraphs 1-14.

37.

The allegations contained in Paragraph 37 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

38.

The allegations contained in Paragraph 38 of the Second Amended Complaint for Declaratory Relief are denied for lack of sufficient information to justify a belief therein.

39.

The allegations contained in Paragraph 39 of the Second Amended Complaint for Declaratory Relief are denied. Sanare further avers that the applicable insurance policy is the best evidence of its terms.

## AFFIRMATIVE DEFENSES

**AND NOW** further responding to Kinsale Insurance Company's Second Amended Complaint for Declaratory Relief, Sanare Energy Partners, LLC affirmatively pleads the following defenses. Should any of these defenses be deemed inconsistent in any way, they should be considered as being pled in the alternative.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Sanare pleads all terms, conditions, definitions, and coverages set forth in the Policy No. 010015849-0, effective from 08/01/2021 to 08/01/2022 (the "Policy") issued by Kinsale to SBS, including any endorsements thereto.

## THIRD AFFIRMATIVE DEFENSE

Kinsale's Second Amended Complaint for Declaratory Relief is barred by the doctrine of equitable estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Kinsale's Second Amended Complaint for Declaratory Relief is barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Kinsale's Second Amended Complaint for Declaratory Relief is barred by the doctrine of

waiver.

## SIXTH AFFIRMATIVE DEFENSE

Kinsale has failed to prove the application of any policy exclusions relied upon in its Second Amended Complaint for Declaratory Relief.

## SEVENTH AFFIRMATIVE DEFENSE

Kinsale, without any legitimate basis, has failed and refused to fully cover and indemnify Sanare with respect to the incident and Blanchard lawsuit, pursuant to the subject Policy.

## EIGHTH AFFIRMATIVE DEFENSE

Sanare has at all times complied with the conditions for coverage under the subject Policy. Kinsale is in breach of its contractual obligations to Sanare to provide full coverage in connection with the subject incident and/or claims asserted in the Blanchard lawsuit.

## NINTH AFFIRMATIVE DEFENSE

The conduct of Kinsale is willful, wanton, arbitrary, capricious and/or without probable cause and in violation of federal law, maritime law, and state laws and statutes regulating such behavior. Kinsale has breached the terms and conditions of the Policy and acted in bad faith, thus precluding recovery on its Second Amended Complaint for Declaratory Relief.

## TENTH AFFIRMATIVE DEFENSE

Sanare has met all of its contractual obligations pursuant to the terms of the Policy and is entitled to full coverage and indemnity thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Kinsale has failed to perform all of its obligations under the Policy.

**TWELFTH AFFIRMATIVE DEFENSE**

Sanare denies the allegations of any unnumbered or mis-numbered paragraphs and any allegations contained in the prayer for relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Sanare has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to supplement or amend its affirmative defenses and to assert any other rights, claims, third-party claims, and defenses.

**WHEREFORE**, after due proceedings are had, Sanare Energy Partners, LLC, prays that its Answer be deemed good and sufficient and that the completion of these proceedings, there be judgment rendered in its favor and against Kinsale Insurance Company dismissing all of Kinsale's claims against Sanare, with prejudice, assessing all costs against Kinsale and awarding all just and equitable relief to which Sanare may be entitled.

Respectfully submitted,

*/s/ Constance C. Waguespack*
Robert R. Johnston, T.A. (#22442)
Constance C. Waguespack (#36416)
Courtney E. Crowell (#38708)
Wade B. Hammett (#31186)
**PUSATERI, JOHNSTON, GUILLOT & GREENBAUM, LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Robert.Johnston@pjgglaw.com
Constance.Waguespack@pjgglaw.com
Courtney.Crowell@pjgglaw.com
Wade.Hammett@pjgglaw.com
**COUNSEL FOR SANARE ENERGY PARTNERS, LLC**

M. Matt Jett
Texas Bar No. 24068684
S.D. Tex No. 1091711
mjett@hallmaineslugrin.com
**HALL MAINES LUGRIN, P.C.**
Williams Tower, Suite 6400
2800 Post Oak Boulevard
Houston, TX  77056-6125
Tel:  713-871-9000
Fax:  713-871-8962

<strong><u>CERTIFICATE OF SERVICE</u></strong>

  I hereby certify that on the 11th day of June 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel by operation of the court's electronic filing system.  I further certify that I shall mail the foregoing document and the notice of electronic filing by first-class mail to all non CM/ECF participants.

     * /s/ Constance C. Waguespack *